IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL PARRA,<br>　　　　　Petitioner,<br>　v.<br>A. K. SCRIBNER, Warden,<br>　　　　　Respondent. | No. C 04-02231 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner currently incarcerated at the Salinas Valley State Prison in Soledad, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner's original petition was dismissed with leave to amend as only one of the three claims for relief was based on a federal right. Petitioner was granted leave to proceed in forma pauperis in the same order of dismissal. Petitioner has filed an amended petition, which is now before the Court for initial review.

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda of second degree

Order to Show Cause
N:\Pro - Se\7.2.2007\04-02231 Parra02231_osc.wpd

burglary (Cal. Penal Code § 211). It appears that petitioner was subject to sentence enhancements under California's "Three Strikes" law (§ 667.5), and was sentenced to thirty-five years to life in state prison on or about January 17, 2003.

According to the petition, petitioner appealed his conviction, and the California Court of Appeals affirmed the conviction in 2003. The Supreme Court of California denied review in 2004. Petitioner filed a federal habeas petition on June 7, 2004.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Liberally construed, petitioner's claim appears cognizable under § 2254 and merits an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

Order to Show Cause
N:\Pro - Se\7.2.2007\04-02231 Parra02231_osc.wpd       2

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED: June 29 2007

JAMES WARE
United States District Judge