IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL PARRA,<br><br>            Petitioner,<br><br>    vs.<br><br>ANTHONY NEWLAND, Warden,<br><br>            Respondent. | No. C 04-02231 JW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a California prisoner proceeding pro so, seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petition was dismissed with leave to amend, and on May 21, 2007, petitioner filed an amended petition. After reviewing the amended petition, the Court ordered respondent to show cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim for relief. Respondent has filed an answer, along with a supporting memorandum and exhibits. Petitioner did not file a traverse.

**BACKGROUND**

In 2002, a jury in Alameda County found petitioner guilty of second degree burglary, and found true allegations that he suffered prior "strike" convictions. Thereafter, the trial court sentenced petitioner to a term of 35 years to life in state prison

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd

under California's "Three Strikes" laws. The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied review.

The California Court of Appeal set forth the following summary of the evidence adduced at trial:

> On December 27, 2000, Juvencio Santos was working by himself at Rosano Jewelers located within the Montgomery Ward store in Fremont. Before leaving for a break, Santos placed a sign on top of a display case, indicating he would return in 30 minutes. The keys to the locked display cases were kept at the watch repair bench, inside the counter and out of public view. As Santos returned to the jewelry display area after a five to six minute absence, he heard the sound of sliding doors and saw a head duck down inside the counter.
>
> Appellant was crouched inside the enclosed counter area, with his hands inside an open display case, holding a tray of gold rings. When Santos asked what he was doing, appellant stood up, saying: "[P]lease let me go." Santos noticed some jewelry was missing from other display cases, and told appellant to put everything back. Appellant removed some jewelry from his pockets and placed it on top of the case. When Santos told him more jewelry was missing, appellant reacted nervously and tried to leap over the counter. Santos pushed him back. After getting a running start, appellant succeeded in jumping over the counter, and both men fell to the floor.
>
> Appellant struggled to escape as Santos tried to hold him. Santos did not think appellant hit him, but recalled appellant swinging his arms trying to get away.[1] A store cashier who observed the struggle testified: "I had seen, if I could recall, Mr. Parra did land a clean punch on Mr. Santos." After appellant broke free, Santos discovered his lip was bleeding. Santos also jewelry scattered on the floor on both sides of the jewelry counter and in the area of the struggle. Three display cases had been opened.
>
> A security guard and the cashier tackled appellant before he reached the exit, and held him until police arrived. As appellant ran, handfuls of gold jewelry had fallen from his pockets. While appellant was on the ground, he pulled more jewelry out of his pockets and pleaded for release. Silver and gold jewelry recovered from appellant's person and the surrounding areas was valued at over $20,000 retail.[2] Two sets of keys

---

[1] A security who saw the struggle also described appellant "flailing his arms" as he tried to escape.

[2] Santo testified the jewelry was sold by weight, with gold priced at approximately $23 per gram retail and $8.50 to $14 wholesale. Silver was priced at approximately $2.50 per gram retail, and $.80-$1.25 wholesale. The silver jewelry taken from appellant's person weighted approximately 1619 grams, and the gold approximately 174 grams. The remaining jewelry that had been removed from the

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd            2

were found in the area where appellant had been tackled. One set fit the jewelry display cases, and had been taken from the watch repair bench. The second set belonged to a car in the parking lot registered to appellant's girlfriend. Eleven bags of methamphetamine, two photos of appellant, and utility bill in his name were found in the car. The girlfriend denied ownership of the methamphetamine. Two single-edge razor blades were found on appellant's person during the ensuing booking search.

(Resp. Ex. 3 at 1-3.)

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

---

display cases included approximately 503 grams of gold rings and 513 grams of silver rings.

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd         3

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

Even if the state court decision was either contrary to or an unreasonable application of clearly established federal law, within the meaning of AEDPA, habeas relief is still only warranted if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

Lastly, a federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

B.   Analysis of Claim

Petitioner claims his sentence of 35 years to life violates his Eighth Amendment

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd            4

right to be free from cruel and unusual punishment. In Lockyer v. Andrade, 538 U.S. 63 (2003), the Supreme Court rejected the contention that Supreme Court case law in this area was of sufficient clarity to constitute "clearly established" federal law within the meaning of 28 U.S.C. § 2254(d), with the exception of "one governing legal principle," specifically: "A gross disproportionality principle is applicable to sentences for terms of years." See id. at 72. The Supreme Court further noted that the precise contours of that principle are "unclear" and "applicable only in the 'exceedingly rare' and 'extreme' case." See id. at 73 (citation omitted).

In Andrade, the petitioner was accused of stealing a total of $153 worth of videotapes from two different stores. See id. at 66. The jury found the petitioner guilty of two counts of petty theft with a prior conviction and further found the petitioner had suffered three prior felony convictions that qualified under California's "three strikes" law, specifically, three counts of first degree residential burglary. See id. at 68. The Supreme Court, observing that "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," held the California Court of Appeal's affirmance of the petitioner's sentence of two consecutive terms of 25 years to life was not an unreasonable application of clearly established federal law. See id. at 77.

In Ewing v. California, 538 U.S. 11 (2003), the petitioner was accused of stealing three golf clubs, priced at $399 each; he was convicted of one count of felony grand theft, and allegations that he had been convicted previously of four felonies qualifying under California's three strikes law, specifically, one robbery and three burglaries, were found true. See id. at 18-19. The Supreme Court affirmed the California Court of Appeal's holding that a sentence of 25 years to life under such circumstances was not grossly disproportionate and thus did not constitute cruel and unusual punishment under the Eighth Amendment. 538 U.S. 11, 30-31 (2003). Looking beyond the petitioner's most recent offense, Justice O'Connor's plurality opinion observed:

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd                    5

> When the California Legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice. To the contrary, our cases establish that "States have a valid interest in deterring and segregating habitual criminals." [citations omitted]

Id. at 25.

In light of the reasoning set forth in Ewing and Andrade, petitioner's sentence of 35 years to life is not grossly disproportionate to the crimes for which he stands convicted. The sentences in both Ewing and Andrade were life sentences like petitioner's, although petitioner's sentence is less harsh than Andrade's and harsher than Ewing's insofar as petitioner will become eligible for parole in 35 years, whereas Andrade became eligible for parole in 50 years and Ewing in 25. In any event, the circumstances of petitioner's crime was substantially more serious than the offenses committed Ewing and Andrade. When petitioner was caught in the process of stealing, he had already taken approximately $20,000 worth of jewelry, many times more than the value of the items stolen by Ewing and Andrade. In addition, in attempting to flee, petitioner struggled with the store employee and knocked him to the ground, and petitioner was carrying two single-edge razor blades at the time. As such, petitioner presented a much more serious risk of harm to others than did Ewing or Andrade.

Moreover, as noted, a court may properly consider a petitioner's criminal history in determining the proportionality of a sentence under the Eighth Amendment. See, e.g., Ewing, 538 U.S. at 29 ("[W]e must place on the scales not only [the petitioner's] current felony, but also his long history of felony recidivism."). Petitioner's criminal history is significantly more serious than that of the petitioners in Ewing and Andrade.[3] In 1989,

---

[3] In support of this account of petitioner's criminal history, respondent cites to pages 543 to 559 of the Clerk's Transcript. Respondent did not include these pages in the portion of the Clerk's Transcript filed in support of the answer, however. Nevertheless, as this description of petitioner's criminal history was set forth by the California Court of Appeal, and is not disputed by petitioner, the Court accepts it as accurate. See 28 U.S.C. §2254(e)(1) (on habeas review, federal court presumes

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd       6

1    petitioner was convicted of statutory rape after having sexual intercourse with a twelve-
2    year-old girl, and of driving under the influence of drugs or alcohol.  In 1992, petitioner
3    was convicted of first degree burglary, and while on probation for that offense, he was
4    convicted of another burglary, for which he was sentenced to a term of six years in state
5    prison.  In 1996, he was convicted of possession of a controlled substance and was
6    sentenced to a state prison term of two years.  In addition, petitioner had his probation
7    revoked on 15 occasions, and he was on parole at the time of the instant offense.  This
8    criminal history indicates that petitioner has a propensity to reoffend, poses a danger to
9    others, and is not deterred from committing crime by shorter punishments.

10   Furthermore, petitioner's circumstances are readily distinguishable from those
11   presented in Ramirez v. Castro, 365 F.3d 755 (9th Cir. 2004), in which the Ninth Circuit
12   Court of Appeals held a sentence of 26 years to life for one count of petty theft was
13   grossly disproportionate.  See id. at 768.  There, the petitioner's prior criminal history
14   "[was] comprised solely of two 1991 convictions for second-degree robbery obtained
15   through a guilty plea, for which his total sentence was one year in county jail and three
16   years of probation," and the prior offenses were "more accurately described as
17   'confrontation petty theft.'"  Id.  As noted, petitioner here had a much more serious and
18   extensive criminal history dating back 12 years.  His prior convictions involved sexual
19   misconduct with a minor, driving under the influence and burglary, which all pose a
20   serious threat to the safety of others, and led to two terms in state prison.  Unlike the
21   petitioner in Ramirez, petitioner does not present the "extremely rare case that gives rise
22   to an inference of disproportionality."  See id. at 770.

23   Accordingly, the California Court of Appeal's determination that petitioner's
24   sentence was not grossly disproportionate to his crime was not an unreasonable

---

correct any determination of factual issue by state court unless petitioner rebuts presumption by clear and convincing evidence).

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Parra02231_deny.wpd                7

application of or contrary to clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1), and petitioner is not entitled to habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall close the file.

DATED: November 29, 2007

JAMES WARE
United States District Judge